30 C.C.P.A. (Patents)

## In re JEWETT.

### Patent Appeal No. 4734.

Court of Customs and Patent Appeals.

May 3, 1943.

Rehearing Denied July 2, 1943.

Harold J. Kinney of St. Paul, Minn. (Charles S. Grindle, of Washington, D. C., of counsel), for appellant.

W. W. Cochran, of Washington, D. C. (E. L. Reynolds, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

JACKSON, Associate Judge.

This is an appeal from a decision of the Board of Appeals of the United States Patent Office affirming that of the Primary Examiner rejecting claims 61 to 69, inclusive, 73 to 80, inclusive, 82 and 85 of an application for a patent on "new and useful improvements in Colored Granulated Material." Claims 83 and 84, rejected by the Primary Examiner, were allowed by the board.

Claims 77 and 80 are illustrative and read as follows:

"77. As a new article of manufacture, artificially colored roofing granules of the class describe having on the exterior of heat-resistant base granules a thin colored decorative coating comprising the in situ formed heat-reaction product of clay, a flux, and a coloring agent, the finished coating including sintered material and being a water-resistant weatherproof ceramic coating, produced at temperatures below the point where the combination of coating materials would fuse to form a glaze or glass coating."

"80. The method of artificially coloring granules which comprises coating the granules with a thin coating of a mixture of clay and sodium dichromate, and heating the granules in a reducing atmosphere to a temperature sufficient to decompose the dichromate to form chrome green pigment and to yield a coating substantially free from water-soluble salts of sodium and of substantially non-blooming character."

The cited references are: Smith (British), 1,221, of 1895; Todd et al., 796,164, August 1, 1905; Caubel (French), 464,057, January 5, 1914; Porritt (British), 225,269, November 24, 1924; Fisher, 1,766,815, June 24, 1930; Levin, 1,788,625, January 13, 1931; Atkinson, 1,792,058, February 10, 1931; Brown, 1,831,784, November 10, 1931; Denning, 1,898,345, February 21, 1933; Nicholson, 1,910,444, May 23, 1933; Walton, Reissue 19,372, November 13, 1934.

The invention relates to granulated mineral material treated by a process in which a mixture of clay, sodium dichromate and sodium silicate is applied to quartz or-

similar granules. After the granules have been covered with a coating of that mixture they are heated, preferably in a reducing atmosphere, to a temperature of about 450° C. to 750° C., said heat causing the coating to become sintered and to possess weather-resisting properties. The product may be incorporated as a coating for roofing shingles or as an aggregate in cast stone and the like. It is said that the sodium silicate reacts with the clay in the mixture at the said temperature to hold the pigment to the granule and that the dichromate is decomposed to produce green chrome oxide.

The application as originally filed contained 55 claims. During the prosecution in the Patent Office the claims were reduced in number to those heretofore set out.

With respect to the references, the Atkinson, Brown, Levin and Fisher patents all relate to colored roofing granules and all disclose processes for forming colored coatings thereon with mixtures containing metal salts and heating to fix the coating and produce the desired color. The use of sodium dichromate for producing a green coating is suggested in the patents to Levin and Brown, and the patent to Atkinson suggests the use of a mineral which when decomposed yields chromium oxide for producing a green coating. The use of fluxing materials is suggested in the patents to Fisher, Levin and Brown, and the use of a reducing atmosphere is suggested by the Atkinson reference. The temperatures employed in the patents to Levin and Atkinson are such that the coating is sintered. The term "sintered" describes a condition in which material becomes coherent through partial fusion.

The patent to Smith relates to the "salt-glazing" of earthenware, stoneware and other fictile articles. It discloses a process by which the articles are glazed with a colored coating. In describing one of the methods of the process, Smith suggests the use of a paste mixture made of finely ground dust of suitable clay mixed with a solution of chromic acid. The article to be glazed is made into the required shape and is dipped into the mixture, thus having formed upon it a coating, after which the coating is fixed by firing. It is stated in the patent that due to the noxious and somewhat harmful character of chromic acid a compound or salt which has chromic acid as its base or as one of its constituents

may be used instead of chromic acid, and bichromate of soda is expressly set out as being such a compound.

In view of our conclusion it is not necessary to discuss any of the other references.

The Primary Examiner rejected claims 61 to 69 as not being readable on the species elected by appellant, no generic claims having been allowed. The generic claims are claims 77, 78, 82 and 85. Appellant did not traverse this requirement for election of species.

Claims 73 to 80, inclusive, and 82 and 85 were rejected by the examiner as unpatentable over the patents to Atkinson, Brown, Levin, or Fisher in view of the Smith reference.

We think it is not necessary to set out other grounds of rejection made by the examiner.

The decision of the board was in effect a general affirmance of the decision of the examiner, except as to claims 83 and 84. A petition for reconsideration of the decision was denied.

It is clear that the coating of roofing granules with weather-resisting colors is old in the art. The Levin patent discloses the coating of such granules with a solution of sodium dichromate with a flux, followed by heating ranging from 1000° F. to 1800° F., at which temperature the chromate salt is converted to chromic oxide "which will impart various shades of green to the granule depending upon the temperature attained in the retorting." It is said in the patent that the coating is sintered on the surfaces of the granules.

It will be noted that the Levin patent apparently fully satisfies each of the appealed claims with the exception that it does not disclose the inclusion of clay in the coating. The patent to Smith, however, discloses the coating of earthenware or stone articles with a mixture of chromic acid and clay before firing, and further states that bichromate of soda instead of chromic acid may be used, in which case the bichromate is obviously intended to yield chromic acid by reason of heat, thus giving the coloring material desired.

■■ It may be, as appellant contends, that the Levin patent is not in the same art as the Smith patent. Even assuming that to be true, in our opinion the arts of the two references are closely analogous, the only distinction which we can see being that in the Levin patent grains of material

728

are coated while in the Smith patent larger articles formed of the same or similar material are coated. We can perceive no difference in the process of coating granules and coating larger articles. It would be obvious to one skilled in the art, if he desired the result sought by appellant, to employ the clay of the Smith patent with the coloring mixture of the Levin patent. In our opinion claims 73 to 80, 82 and 85 were properly rejected by the Patent Office tribunals as being unpatentable over the Levin reference in view of the Smith patent.

Since no generic claim was allowed, the rejection of claims 61 to 69 was proper.

All of the other matters urged by appellant have been considered, but we deem it unnecessary to extend this opinion by discussing them.

The decision of the Board of Appeals is affirmed.

Affirmed.